UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE MILLER           LA. DOC #479248 | CIVIL ACTION NO. 6:13-cv-0609 |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is a pleading entitled "Extraordinary Writ and Assertion that I want Criminal Charges Filed" [rec. doc. 1] as well as a "Motion to Issue and Execute Arrest Warrants" [rec. doc. 6]. By these pleadings, Miller requests that this Court commence a criminal prosecution against Judge Byron Hebert, Assistant District Attorney William Babin, Public Defender Greg Thibodaux, Dr. David Dawes and Dr. Sarwat Gad pursuant to 18 U.S.C. § 241, 242 and 371. Miller repeatedly alleges that his pleadings are not to be construed as a civil rights action filed pursuant to 42 U.S.C. § 1983. Rather, Miller asserts that he has the right to prosecute these individuals under the cited statutes. There being no other apparent basis for Miller's filings with this Court, the Clerk filed the action as asserted under 42 U.S.C. § 1983.

This Court's records reveal that Miller is incarcerated at the Louisiana State Penitentiary where he is serving a life sentence imposed by the Fifteenth Judicial District Court for Lafayette Parish following his 2004 conviction for second degree murder. The Louisiana state courts affirmed Miller's conviction and sentence on direct appeal and

denied collateral review. *See State v. Miller*, 888 So.2d 1166 (La. App. 3rd Cir. 2004); *State ex rel Miller v. State*, 949 So.2d 437 (2007).

Moreover, Miller's previous attempt to collaterally attack his conviction and sentence in this Court was unsuccessful. Miller's petition for federal *habeas corpus* relief was dismissed with prejudice on August 27, 2008. *See Dale Miller v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0798 (W.D. La. 2008). A Certificate of Appealability was denied by the Fifth Circuit Court of Appeals on July 29, 2009. *Miller v. Cain*, No. 08-30875 (5th Cir. 2009) (unpublished).

Miller has also filed at least two civil rights actions seeking the vindication of his rights and money damages against the investigating police officers, and his public defenders (including Greg Thibodeaux), prosecuting Assistant District Attorney William Babin and Judge Byron Hebert, respectively. Those civil actions were dismissed with prejudice as frivolous. *Dale Robin Miller v. Lee Gallaspy, et al.*, No. 6:03-cv-1944 (W.D. La. 2003); *Dale Robin Miller v. Thad Bedaeux, et al.*, No. 6:02-cv-0809 (W.D. La. 2002).

This Court's records reveal that Miller has another civil rights action currently pending, against different State Court personnel in which he seeks the same relief sought herein. *Miller v. Michot, et al.,* Civil Action No. 6:13-cv-0468 (W.D. La. 2013). Moreover, Miller has additionally filed a similar miscellaneous Motion against the same defendants named herein. *Miller v. Judge Hebert*, 6:13-mc-0008 (W.D. La. 2013).

## Law and Analysis

**Screening**

When a prisoner files a civil action against a governmental entity or an officer or employee of a governmental entity, under 28 U.S.C. § 1915A, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *see also* 42 U.S.C. § 1997e(c)(1) (directing the district court to dismiss, on its own motion "any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." The screening provisions of § 1915A "appl[y] regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz*, 160 F.3d at 274.

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional

facts when necessary, the facts alleged are clearly baseless." *Id.* A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accepting all of the allegations contained in all of Miller's pleadings as true, for the reasons set forth below, the undersigned concludes that plaintiff has failed to state claims for which relief may be granted.

**Court Ordered Criminal Prosecution**

By his pleadings, Miller asks this Court to prosecute Judge Byron Hebert, Assistant District Attorney William Babin, Public Defender Greg Thibodaux, Dr. David Dawes and Dr. Sarwat Gad pursuant to 18 U.S.C. § 241, 242 and 371. No matter how the pleadings are styled, Miller's requested relief is not available.

The statutes cited by Miller do not confer a private cause of action to Miller, nor can Miller initiate a criminal prosecution through a private law suit. *See Fierro v. Robinson,* 405 Fed. Appx. 925, 926 (5th Cir. 2010) *citing Cort v. Ash,* 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Pierre v. Guidry*, 75 Fed. Appx. 300, 2003 WL 22144267, *1 (5th Cir. 20003) *citing Cort, supra.* and *Ali v. Shabazz,* 8 F.3d 22, 1993 WL

4

456323, *1 (5th Cir. 1993); *Lang v. Quinlan,* 990 F.2d 1252, 1993 WL 129675, *4 (5th Cir. 1993) *citing  Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Johnson v. Kegans,* 870 F.2d 992 1005 at fn. 4 (5th Cir. 1989) (Goldberg, J, dissenting); *Deubert v. Gulf Federal Sav. Bank,* 820 F.2d 754, 760 (5th Cir. 1987); *Belford v. Scott*, 2012 WL 3069846, *5 at fn. 9 (S.D. Tex. 2012) *citing Florance v. Buchmeyer*, 500 F. Supp.2d 618, 626 (N.D. Tex. 2007), *Huerta v. Garcia*, 2007 WL 3120128, *4 (S.D. Tex. 2007) and *Ali v. Hoke*, 2007 WL 1655915, *7 (E.D. Tex. 2007) ("a private citizen cannot enforce criminal statutes in a civil action.); *Granger v. Dukes*, 2007 WL 2177788, *2 (E.D. La. 2007) (citations omitted); *Chaney v. Races and Aces*, 2012 WL 3230432, *6 (M.D. La. 2012); *Parker v. Shemwell*, 2009 WL 211708, * 2 (W.D. La. 2009) (no private cause of action under § 371); *Doyon v. United States*, 2008 WL 2626837, *4 (W.D. Tex. 2008) (same); *Poree v. Lakewind East Apts*, 1994 WL 705428, *2 (E.D. La. 1994) (same); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp.2d 17, 23 (D. D.C. 2003).

      Simply stated, the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens, like Miller, do not have a right to compel a criminal prosecution or to have the defendants criminally prosecuted.  *Grant v. Harson,* 2012 WL 1190257, *5 (W.D. La. 2012) *citing Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990*), Busick v. Neal,* 380 Fed. Appx. 392, 399-400 (5th Cir. 2010), *Lewis v. Jindal,* 368 Fed. Appx. 613, 614 (5th Cir. 2010) *citing Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979), *Benoit v.*

*Cain,* 2010 WL 897247, *1 (W.D. La. 2010) *citing Linda R.S., Batchelder and Oliver, supra.*, *Williams v. Dyess*, 2011 WL 285093, *3 (W.D. La. 2011), *Stanley v. Unknown Prison Officials*, 2010 WL 678690, *3 (W.D. La. 2010) and *Carlock v. Rapides Parish Sheriff*, 2010 WL 537103, *2 (W.D. La. 2010).

Furthermore, this Court cannot investigate any alleged wrongdoing or file criminal charges against the defendants. Such actions are within the sole province of the district attorney's office of the parish were the alleged incidences took place, or the office of the United States Attorney for the Western District of Louisiana.[1] *Grant,* 2012 WL 1190257, at *5 *citing McCloud v. Craig*, 2009 WL 2515609, *2 (E.D. La. 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts."), *Bland v. Terrebonne Parish Criminal Justice Complex,* 2009 WL 3486449, *3 (E.D. La. 2009) (same), and *Hymel v. Champagne,* 2007 WL 1030207, *2 (E.D. La. 2007) (denying plaintiff's request that the court order an investigation of a correctional center stating "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement

---

[1] If Miller wishes to pursue his request for criminal charges with the appropriate prosecuting agency, Miller should be mindful such agencies have broad discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek. *United States v. Lawrence*, 179 F.3d 343, 348-349 (5th Cir. 1999).

authorities."); *Carlock*, 2010 WL 537103, at *2; *Wilson v. Longino*, 2009 WL 1076684, *3 (W.D. La. 2009) ("a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted").

Finally, this Court does not have the power to order the criminal prosecution of the named defendants. *Grant,* 2012 WL 1190257, at *5 *citing Jones v. Ruiz*, 2011 WL 197872, *7 (W.D. Tex. 2011) and *Wilson*, 2009 WL 1076684, at *3 ("Nor may a court order prosecution of individuals at the instance of private persons."); *Williams*, 2011 WL 285093, at *3; *Stanley*, 2010 WL 678690, at *3.

For the above reasons,

**IT IS RECOMMENDED** that Miller's civil action and accompanying Motion be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. in accordance with the provisions of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana on May 17, 2013.

                                                          */s/ C. Michael Hill*
                                                    C. MICHAEL HILL
                                                    UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  5/17/2013
By:  MBD